IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| MEINEKE CAR CARE CENTERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10-cv-00572-FDW-DSC |
| | ) | |
| JOHN "MARTY" SHAHEEN and | ) | |
| RANDALL SHAHEEN, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIM
## TO PLAINTIFF'S COMPLAINT

**COME NOW**, Defendants John M. Shaheen and Randall F. Shaheen, and file their
Answer, Defenses, and Counterclaims to the Complaint filed by Plaintiff Meineke Car Care
Centers, Inc. as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be
granted.

## SECOND DEFENSE

Jurisdiction and venue are not proper in this court under the principles enunciated by the
United States Supreme Court in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S. Ct.
1907, 32 L. Ed.2d 513 (1972) (forum selection clause not valid if obtained through
overwhelming bargaining power or if it is unreasonable or if it deprives a party of his day in
court).

## THIRD DEFENSE

Plaintiff's alleged damages are speculative and, as such, are not recoverable.

## FOURTH DEFENSE

Plaintiff has failed to make reasonable efforts to mitigate, minimize, or avoid the losses and damages alleged in the Complaint.

## FIFTH DEFENSE

Plaintiff is not entitled to recovery because it breached the agreements forming the basis of Plaintiff's Complaint.

## SIXTH DEFENSE

Plaintiff is not entitled to recovery pursuant to the doctrine of unclean hands.

## SEVENTH DEFENSE

The Complaint should be dismissed under principles of impossibility of performance.

## EIGHTH DEFENSE

For some or all of the claims in the Complaint, Plaintiff has not sustained any damage as a result of any acts or omissions of Defendants.

## NINTH DEFENSE

Defendants reserve the right to assert any additional affirmative defenses as determined from any evidence discovered during the course of this litigation.

## TENTH DEFENSE

Defendants respond to the enumerated paragraphs in the Complaint as follows:

1.      Defendants lack sufficient knowledge and information upon which to base a response to the allegations in paragraph 1 of the Complaint and, therefore, deny the allegations.

2.      Defendants admit the allegations in paragraph 2 of the Complaint.

3.      The allegations in paragraph 3 of the Complaint state a legal conclusion to which no response is required.

4. The allegations in paragraph 4 of the Complaint state a legal conclusion to which no response is required.

5. The allegations in paragraph 5 of the Complaint state a legal conclusion to which no response is required.

6. The allegations in paragraph 6 of the Complaint state a legal conclusion to which no response is required.

7. The allegations in paragraph 7 of the Complaint state a legal conclusion to which no response is required.

8. Defendants deny the allegations in paragraph 8 of the Complaint.

9. Defendants deny the allegations in paragraph 9 of the Complaint.

10. Defendants lack sufficient knowledge and information upon which to base a response to the allegations in paragraph 10 of the Complaint and, therefore, deny the allegations.

11. Defendants lack sufficient knowledge and information upon which to base a response to the allegations in paragraph 11 of the Complaint and, therefore, deny the allegations.

12. Defendants lack sufficient knowledge and information upon which to base a response to the allegations in paragraph 12 of the Complaint and, therefore, deny the allegations.

13. Defendants lack sufficient knowledge and information upon which to base a response to the allegations in paragraph 13 of the Complaint and, therefore, deny the allegations.

14. Defendants lack sufficient knowledge and information upon which to base a response to the allegations in paragraph 14 of the Complaint and, therefore, deny the allegations.

15. Defendants lack sufficient knowledge and information upon which to base a response to the allegations in paragraph 15 of the Complaint and, therefore, deny the allegations.

16.     Defendants lack sufficient knowledge and information upon which to base a response to the allegations in paragraph 16 of the Complaint and, therefore, deny the allegations.

17.     Defendants lack sufficient knowledge and information upon which to base a response to the allegations in paragraph 17 of the Complaint and, therefore, deny the allegations.

18.     Defendants lack sufficient knowledge and information upon which to base a response to the allegations in paragraph 18 of the Complaint and, therefore, deny the allegations.

19.     Defendants lack sufficient knowledge and information upon which to base a response to the allegations in paragraph 19 of the Complaint and, therefore, deny the allegations.

20.     Defendants neither admit nor deny the allegations in paragraph 20 of Plaintiff's Complaint and state that the document referenced in this paragraph of the Complaint speaks for itself and leave Plaintiff to its proofs.  To the extent the allegations in this paragraph of the Complaint are inconsistent with the referenced document, Defendants deny the allegations.

21.     Defendants neither admit nor deny the allegations in paragraph 21 of Plaintiff's Complaint and state that the document referenced in this paragraph of the Complaint speaks for itself and leave Plaintiff to its proofs.  To the extent the allegations in this paragraph of the Complaint are inconsistent with the referenced document, Defendants deny the allegations.

22.     Defendants neither admit nor deny the allegations in paragraph 22 of Plaintiff's Complaint and state that the document referenced in this paragraph of the Complaint speaks for itself and leave Plaintiff to its proofs.  To the extent the allegations in this paragraph of the Complaint are inconsistent with the referenced document, Defendants deny the allegations.

23.     Defendants neither admit nor deny the allegations in paragraph 23 of Plaintiff's Complaint and state that the document referenced in this paragraph of the Complaint speaks for

itself and leave Plaintiff to its proofs. To the extent the allegations in this paragraph of the Complaint are inconsistent with the referenced document, Defendants deny the allegations.

24.     Defendants neither admit nor deny the allegations in paragraph 24 of Plaintiff's Complaint and state that the document referenced in this paragraph of the Complaint speaks for itself and leave Plaintiff to its proofs. To the extent the allegations in this paragraph of the Complaint are inconsistent with the referenced document, Defendants deny the allegations.

25.     Defendants neither admit nor deny the allegations in paragraph 25 of Plaintiff's Complaint and state that the document referenced in this paragraph of the Complaint speaks for itself and leave Plaintiff to its proofs. To the extent the allegations in this paragraph of the Complaint are inconsistent with the referenced document, Defendants deny the allegations.

26.     Defendants lack sufficient knowledge and information upon which to base a response to the allegations in paragraph 26 of the Complaint and, therefore, deny the allegations.

27.     Defendants lack sufficient knowledge and information upon which to base a response to the allegations in paragraph 27 of the Complaint and, therefore, deny the allegations.

28.     Defendants admit that they discussed their alleged in-term violation of the Franchise Agreement with Plaintiff. Defendants deny the remaining allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in paragraph 29 of the Complaint.

30.     Defendants admit that they received certain information and training from Plaintiff, but deny the remaining allegations in paragraph 30 of the Complaint.

31.     Defendants admit that they had some access to and training concerning certain Meineke systems. Defendants deny the remaining allegations in paragraph 31 of the Complaint.

32.     Defendants deny that they are using (or have ever used) any proprietary Meineke information during the operation of a competing business. Defendants neither admit nor deny the remaining allegations in paragraph 32 of Plaintiff's Complaint and state that the document referenced in this paragraph of the Complaint speaks for itself and leave Plaintiff to its proofs. To the extent the allegations in this paragraph of the Complaint are inconsistent with the referenced document, Defendants deny the allegations.

33.     Defendants deny the allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants deny the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint does not require a response.  To the extent the Court determines otherwise, Defendants deny the allegations in this paragraph.

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint does not require a response.  To the extent the Court determines otherwise, Defendants deny the allegations in this paragraph.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

57.     Defendants deny the allegations in paragraph 57 of the Complaint.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations in paragraph 61 of the Complaint.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint does not require a response.  To the extent the Court determines otherwise, Defendants deny the allegations in this paragraph.

65.     Defendants neither admit nor deny the allegations in paragraph 65 of Plaintiff's Complaint and state that the document referenced in this paragraph of the Complaint speaks for itself and leave Plaintiff to its proofs.  To the extent the allegations in this paragraph of the Complaint are inconsistent with the referenced document, Defendants deny the allegations.

66. Defendants neither admit nor deny the allegations in paragraph 66 of Plaintiff's Complaint and state that the document referenced in this paragraph of the Complaint speaks for itself and leave Plaintiff to its proofs. To the extent the allegations in this paragraph of the Complaint are inconsistent with the referenced document, Defendants deny the allegations.

## GENERAL DENIAL

Defendants deny each and every allegation and claim set forth in Plaintiff's Complaint that otherwise is not specifically admitted in this Answer, including, but not limited to, each and every allegation and claim for relief as set forth in Plaintiff's captions, titles, allegations and prayers for relief.

WHEREFORE, Defendants respectfully pray that this Court:

(a) dismiss Plaintiff's Complaint;

(b) or, alternatively, award judgment in favor of Defendants; and

(c) tax all costs and attorneys' fees against Plaintiff.

## COUNTERCLAIM

Defendants hereby assert the following Counterclaim against Plaintiff.

1. By filing its Complaint, Plaintiff has submitted itself to the personal jurisdiction of the Court.

2. Jurisdiction over Defendants' counterclaim is proper pursuant to 28 U.S.C. § 1367.

## FACTUAL BACKGROUND

**A.     The Franchise Agreement**

3.      On or about February 27, 1998, Defendants and Plaintiff executed a Franchise Agreement for purposes of Defendants operating the Meineke franchise known as Shop 1321, which was located at 1244 Buford Highway, Cumming, Georgia 30041.

4.      During the summer of 2000, the parties executed a revised copy of the Franchise Agreement, along with an Assignment of the Agreement and all responsibilities thereunder, to Pipes and Pads, Inc.

5.      Given the February 27, 1998 start date, the Agreement is scheduled to expire on February 27, 2013, which is the fifteenth anniversary under the terms of the Agreement.

**B.     Defendant's and Meineke's Relationship Deteriorates**

6.      Sometime in or about 2009, Pipes and Pads and Plaintiff experienced differences on numerous issues regarding the franchise.

7.      After several failed attempts to resolve these differences, in September 2010, Pipes and Pads decided to end its relationship with Plaintiff and to discontinue its use of Plaintiff's marks and materials.

8.      As part of this transition, Pipes and Pads ceased using all documents containing the Meineke name, including customer invoices, point of sale material, Meineke manuals, and the like.

9.      Pipes and Pads also removed the Meineke name and colors from all areas including the removal of outdoor signage, the repainting of the building, and the destruction of employee uniforms that contained any reference to Meineke.

10. Further, Pipes and Pads ceased using all Meineke operating procedures manuals and related items.

11. Finally, Pipes and Pads ceased all marketing and advertising of the telephone number (678-947-5450) that was used during Defendant's operation of their Meineke franchise.

**C.     Randy's Auto Center**

12. In September 2010, the operation of an auto care facility at 1244 Buford Highway, Cumming, Georgia 30041 was undertaken by a new entity, Randy's Auto Center ("Randy's").

13. Randy's obtained a new telephone number (678-513-5150) from the telephone provider, which it prominently displays on its signage, stationery and related materials.

**D.     Telephone Number**

14. The number forming the basis of Plaintiff's trademark infringement claim – (678) 947-5450 - did not belong to Plaintiff' before the execution of the Franchise Agreement.

15. The owners of Pipes and Pads were the ones that applied for and obtained the prior telephone number from the telephone company.

16. Never did Pipes and Pads transfer ownership of the prior telephone number to Plaintiff.

17. Nor did Plaintiff ever claim an ownership interest in the telephone number before the present action.

18. Even though the phone number did not belong to Plaintiff, Pipes and Pads made sure not to terminate the prior telephone number in an effort to comply with the Franchise Agreement (Section 4.4 Ownership of Telephone Listings), which forbids a Dealer from terminating the telephone number.

19.     Instead, it had the number diverted by the telephone provider to a multi-purpose secondary line at the location that is being used for faxing and internet access.

20.     Assuming that Plaintiff can properly contend that the prior telephone number is its trademarked property, Plaintiff was obligated to provide Defendants with advance written notice of its claim of misuse along with a reasonable time for us to cure the misuse prior to filing a lawsuit under the Franchise Agreement (Section 10.3 Discontinuance of Use of Marks), which requires Plaintiff to provide a Dealer with directions on the discontinuance of use of its trademarks and a reasonable time to comply with such directions.

21.     Plaintiff never provided Defendants with such notice, despite the fact that Plaintiff was informed that the prior telephone number had been diverted by the telephone provider to a secondary line at Randy's.

22.     In so doing, Meineke chose to violate the Agreement by not providing Defendants with any prior direction or notice relative to the alleged trademark issues on which it complains.

## COUNT ONE: BREACH OF CONTRACT

23.     Defendants incorporate and restate the averments contained in paragraphs 1 through 22 of their Counterclaim as if fully set forth herein.

24.     Among other things, the Franchise Agreement requires Plaintiff to provide a Dealer with directions on the discontinuance of use of its trademarks and a reasonable time to comply with such directions.

25.     Plaintiff never provided Defendants with directions on the discontinuance of use of its alleged trademarks and a reasonable time to comply with such directions.

26.     Plaintiff's failure to do so constitutes a breach of the Franchise Agreement.

27.     Based on the aforementioned conduct, Defendants are entitled to recover damages from Plaintiff, under this Count I in the amount to be determined at trial.

## COUNT TWO: ATTORNEYS' FEES

28.     Defendants incorporate and restate the averments contained in paragraphs 1 through 27 of their Counterclaim as if fully set forth herein.

29.     Article 17.6 of the Franchise Agreement provides that, "[t]he Party who prevails in any arbitration or judicial proceeding will be awarded its costs and expenses incurred in connection with such proceedings, including reasonable attorney's fees."

30.     If they prevail on Count II of the Counterclaim, Defendants are entitled to recover their reasonable attorney's fees incurred in this action pursuant to applicable law and the terms of the franchise agreements.

WHEREFORE, Defendants pray for the following relief:

a.      That Defendants be awarded damages against Plaintiff sustained as a result of Count I, for an amount to be determined at trial;

b.      That Defendants be awarded all expenses incurred in this litigation, including reasonable attorney's fees under Count II;

c.      That Defendants be awarded all cost of this action; and

d.      That Defendants receive such other relief as the Court deems just, fair, and equitable.

Respectfully submitted December 4, 2010.

*Attorneys for the Defendants.*

/s Rodney L. Eason
Rodney L. Eason, Esq.
Georgia Bar No.: 237485
Leslie K. Eason, Esq.
Georgia Bar No. 100186

The Eason Law Firm
6150 Old National Highway
College Park, Georgia 30349
(770) 909-7200
(770) 909-0664 fax

Jessie C. Fontenot, Jr., Esq.
N.C. State Bar No. 26429
Strauch, Fitzgerald & Green, P.C.
118 South Cherry Street
Winston-Salem, NC 27101
(336) 837-1063
(336) 725-8867 fax

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2010, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record in this case.

/s/ Rodney L. Eason_____
COUNSEL